STATE v. PRESS McRAE.

(Filed 24 November, 1915.)

**Criminal Law—"Boarding-houses"—Proprietor or Manager—Interpretation of Statutes.**

One who has not been licensed to keep a boarding-house, and who does not hold his place out as such, but who has received a boarder in his home, for pay, is not the keeper of a boarding-house; and this case does not fall within the intent and meaning of the Revisal, sec. 3434a, making it an offense for one to obtain any "lodging, food, or accommodation at an inn, boarding-house, or lodging-house without paying therefor, with intent to defraud the proprietor or manager thereof." The word boarding-house, being used in connection with inns, etc., indicates that its use as such must be of the same general character, and the words "proprietor or manager" are not descriptive of the owner of a private dwelling.

APPEAL by defendant from *Devin, J.*, at April Term, 1915, of ANSON.

The defendant is indicted for a violation of section 3434 a of the Revisal, in that he obtained board without paying therefor, with intent to defraud.

The prosecutrix testified that the defendant boarded with her nine weeks, promising to pay her $2.50 per week, and that he left without paying her; that she lived a mile in the country and had not taken out a license to keep a boarding-house, and that she had never entertained any other person as a boarder.

At the conclusion of the evidence the defendant moved for judgment of nonsuit, which was overruled, and the defendant excepted.

There was a verdict of guilty, and from the judgment pronounced thereon the defendant appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*H. H. McLendon for defendant.*

ALLEN, J. The statute (Revisal, 3434 a) does not make it indictable to obtain entertainment at a private house without paying therefor and with intent to defraud. The offense condemned, pertinent to this appeal, is obtaining any "lodging, food, or accommodation at an inn, boarding-house, or lodging-house without paying therefor, with intent to defraud the proprietor or manager thereof," and the question is presented as to whether one who has not taken out a license to keep a boarding-house, and who does not hold out her house as a place for the entertainment of the public, but who has on one occasion received one of the public for hire, is the keeper of a boarding-house. We think not.

The maxim *Noscitur a sociis,* which in ordinary speech means that you may know one by the company he keeps, is frequently resorted to in the interpretation of doubtful words in a statute, and when applied

here, we find boarding-houses associated with inns and lodging-houses, well known places of public entertainment, and the words "proprietor" and "manager" are not usually used as descriptive of the owner of a private dwelling.

The language of the statute, therefore, strongly implies that only such places as are held out for the entertainment of the public are included within its protection, and the definition of a keeper of a boarding-house by *Associate Justice Hoke* in *Holstein v. Phillips,* 146 N. C., 370, as "one who reserves the right to select and choose his patrons, and takes them only by special arrangement, and usually for a definite time," excludes the idea that the entertainment of one person without the purpose or desire to entertain others comes within the description.

In *Cody v. McDowell,* 1 Lans. (N. Y.), 484, the Court, speaking to this question, says: "A boarding-house is as well known and as distinguishable from every other house in every city, village, and the country as an inn or tavern. It is a house where the business of keeping boarders generally is carried on and which is held out by the owner or keeper as a place where boarders are kept."

In that case it was held, where the plaintiff, who was a housekeeper but not accustomed to taking persons to board, received the defendant and his family, upon the defendant's application, into his house for an indefinite time, with the general understanding that the plaintiff was to be compensated for board and accommodation, that the plaintiff was not a boarding-house keeper. A private housekeeper who entertains a boarder for hire in a single instance is not a boarding-house keeper. A boarding-house is a *quasi*-public house where boarders are generally and habitually kept, and which is held out and known as a place of entertainment of that kind.

"A boarding-house is a house where the business of keeping boarders generally is carried on and which is held out by the owner or keeper as a place where boarders are kept." 4 A. and E., 590.

There is also another fatal objection to maintaining the prosecution, and that is that a failure to pay is not sufficient evidence of an intent to defraud. *S. v. Griffin,* 154 N. C., 611.

Reversed.